EASTERN DIST.
June, 1837.

BERTRAND
vs.
FRAZIER.

BERTRAND vs. FRAZIER.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The plaintiff will not be allowed, even *interest* on an unliquidated claim when it arises on an express contract; much less will he be allowed an additional compensation to defray his expenses and trouble in bringing suit, on a claim arising from an *implied* or *quasi* contract.

This is an action in which the plaintiff claims a salvage of one third of the value of the cargo, for stopping and making fast a flat boat loaded with corn, which was drifting down the Mississippi river, about seven leagues below the city of New-Orleans.

The plaintiff alleges he was at much trouble and expense in hiring hands, and lost his time in saving the boat, which, in a few hours would have been entirely lost. That her cargo being valuable, he thinks that one third, or eight hundred dollars would be a reasonable salvage, which he claims as a privilege debt against the said boat and cargo.

The defendant denied that the plaintiff had rendered him any service whatever ; and that the boat was not loose, or abandoned, or in danger, when taken into possession by the plaintiff.

It was in proof that the boat in question being loaded with ten or twelve hundred barrels of corn, was cut loose from her moorings at the City of New-Orleans, and had floated about

seven or eight leagues down the river, when she was stopped
and landed by the plaintiff.

A witness for plaintiff states, the flat boat was loaded with
from fifteen to twenty hundred barrels of corn, worth one
dollar and fifty cents per barrel, and the boat about sixty or
eighty dollars.    That the plaintiff and two slaves were from
four o'clock in the morning until nine or ten o'clock before
they succeeded in stopping said boat, and after she had
floated down several miles with them.   He was of *opinion*
the plaintiff had a right to one third of the corn and boat,
because it is the custom established, and he values it so on
account of the danger the boat was in being sunk by striking
against the logs on the river sides, etc.

A witness for defendant says, it is the custom about the
English Turn, to claim and receive one third of empty flat
boats and rafts picked up.    That he knows of one person
having received fifty dollars for saving a flat boat loaded
with coal.   He believes the plaintiff would have been satisfied
with ten dollars, if defendant had been present and offered
that sum to tow his boat ashore.

The district judge was of opinion that as the plaintiff was
required to bring suit to enforce his claim, that one hundred
and fifty dollars would be a proper allowance ; although, if
the defendant had offered fifty or sixty dollars at first he would
have considered it sufficient.    Judgment being rendered for
one hundred and fifty dollars, the defendant appealed.

*Roselius,* for the plaintiff.

*Preston, contra.*

*Martin, J.,* delivered the opinion of the court.

The defendant is appellant from a judgment by which the
plaintiff has been allowed the sum of one hundred and fifty
dollars for having stopped the defendant's flat boat, which
was cut from the moorings during the night, and was floating
down the river.    He complains of the allowance as being
excessive.

BERTRAND
vs.
FRAZIER.

The plaintiff will not be allowed even *interest* on an unliquidated claim, when it arises on an express contract; much less will he be allowed an additional compensation to defray his expenses and trouble, in bringing suit on a claim arising from an *implied* or *quasi* contract.

Our learned brother in the District Court, who had all the testimony before him, has expressed his opinion, that had the defendant offered to the plaintiff the sum of fifty dollars, he would have considered it as a sufficient compensation for the labor and service of the latter. Indeed, some of the witnesses thought that ten dollars would have been a reasonable allowance or remuneration.

It is difficult for us to conceive how an addition of two hundred per cent was thought proper to be added to a fair compensation, in order to balance the trouble and expense the plaintiff was put at in bringing the suit.

Had the plaintiff's claim arisen upon an express contract, which did not liquidate it, and had the court allowed interest at the rate of five per cent. a year as a compensation to the plaintiff for his trouble and expense in prosecuting his claim to judgment, it would have been our duty to relieve the defendant from the charge.

It is difficult for us to see how a claim upon an implied or quasi contract like the present, can authorize an excessive allowance of two hundred per cent. There is no case in which the plaintiff has a less right, (if he has any) to remuneration for the trouble and expense of litigation.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; and that the plaintiff recover from the defendant the sum of fifty dollars, with the costs of the District Court, and that he pay those of the appeal.